

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFRED LEE NORRED, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-2690** |
| **LABREN ENTERPRISES AND MANAGEMENT D/B/A LABREN HAR REPLACEMENT, ET AL.** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Alfred Lee Norred, Jr.'s motion to remand is **GRANTED**, and the case is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana. (Document #17.)

### I. BACKGROUND

Alfred Lee Norred, Jr. filed a petition for damages against Labren Enterprises and Management d/b/a Labren Hair Studio and/or Labren Hair Replacement, BellSouth Advertising and Publishing Corporation, L.M. Berry and Company, and BellSouth Real Yellow Pages in Civil District Court for the Parish of Orleans. Norred was a client of Labren and secretly wore a "hair replacement piece" for most of his adult life. Norred alleged claims that the defendants copied, published, and distributed photographs of him with and without the "hair replacement



piece" in Labren's advertisement in the "Real Yellow Pages" directory, in violation of Louisiana laws of invasion of privacy, conversion, misappropriation, and intentional infliction of emotional distress. Norred did not provide copies of his photographs and is unaware of how photographs were obtained. Norred alleges that, before the directory was distributed, the defendants knew that they did not have his permission to use the photographs, but made the decision to publish them in directories in several parts of Louisiana.

The defendants removed the action to federal court, asserting that the claim was one for copyright infringement under the Copyright Act, 17 U.S.C. 101 *et seq.*, and the federal district court has exclusive jurisdiction. Norred filed a motion to remand for lack of jurisdiction.

## II. DISCUSSION

Norred argues that the case should be remanded to state court because there is no federal question jurisdiction. The defendants argue that the motion to remand should have been presented earlier in the litigation. However, the defendants acknowledge that the plaintiff may object to federal jurisdiction at any time prior to final judgment. Defendants' opposition, 2 at n.2. Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, the court must determine whether it has jurisdiction to consider this action because, if such power is lacking, "the case must be remanded back to the state court from which it came." McDonal v. Abbott Laboratories, 408 F.3d 177, 182 (5th Cir. 2005).

Norred contends that he has not alleged a claim under the Copyright Act because "his

face and likeness as captured by photographs are not copyrightable." Norred argues that the basis of his state law claims for invasion of privacy, intentional infliction of emotional distress, misappropriation, and conversion is the use of his face or likeness. Norred contends that his likeness is not copyrightable, and the state law claims are not preempted by the Copyright Act.

A removal action based on federal question jurisdiction is analyzed under the well-pleaded complaint rule. See Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). "The complaint must state a cause of action created by federal law or it must assert a state-law cause of action requiring the 'resolution of a substantial question of federal law.'" Id. The entire record is examined for a proper understanding of the true nature of the complaint. See Aquafaith Shipping, Ltd. v. Jarillas, 963 F.2d 806, 808 (5th Cir. 1992).

"There is well-settled precedent to determine whether a state-law claim is preempted by federal copyright law." Carson v. Dynegy, Inc., 344 F.3d 446, 456 (5th Cir. 2003). The Copyright Act provides:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102[1] and 103, whether created before of after that date and whether

---

[1] Section 102 provides:
(a) Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include the following categories:
   (1) literary works;
   (2) musical works, including any accompanying words;
   (3) dramatic works, including any accompanying music;

>published or unpublished, are governed exclusively by this title.  Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).  Thus, section 301 requires that two conditions be fulfilled: "First the content of the protected right must fall in the subject matter of copyright.  Second, the nature of the rights granted under state law must be equivalent to any of the exclusive rights in the general scope of a federal copyright."  Brown v. Ames, 201 F.3d 654, 657 (5th Cir. 2000) (citing Daboub v. Gibbons, 42 F.3d 285, 289 (5th Cir. 1995); 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.01[B] (1999)).

The content of Norred's protected right does not fall within the ambit of copyright protection because his claim does not concern the copyright infringement of the photograph as a pictorial graphic under § 102(a)(5).  The complaint clearly states that Norred does not even know the source of the photographs used in the advertisement.  The basis of his claim is the use of his likeness, not of the fixed medium of a photograph.  The gravamen of Norred's complaint is the invasion of his personal rights of privacy by breaching the confidentiality associated with the service that the defendants provided.  The torts that Norred allege protect his *persona*, which does not fall within the subject matter of copyright.  Brown v. Ames, 201 F.3d at 658.

---

    (4) pantomimes and choreographic works;
    (5) pictorial, graphic, and sculptural works;
    (6) motion pictures and other audiovisual works;
    (7) sound recordings; and
    (8) architectural works.
(b) In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

Accordingly, Norred's state law claims are not equivalent to any of the exclusive rights under the federal copyright law, and they are not preempted by the Copyright Act. The court lacks federal subject matter jurisdiction, and the case is remanded to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this __11__ day of November, 2005.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE